ROSS COTTOM *et al.*, Plaintiffs-Appellants, v. KENNETH R. KENNEDY *et al.*, Defendants-Appellees.

Fifth District   No. 5—85—0184

Opinion filed January 24, 1986.

Donald V. Ferrell, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellants.

Joseph Jay Jackson, of Metropolis, for appellees.

JUSTICE JONES delivered the opinion of the court:

This action was brought to recover damages for the defendants' alleged breach of contract to buy a bowling alley from the plaintiffs. The trial court dismissed the plaintiffs' second amended complaint, and the plaintiffs have appealed from that ruling. The sole issue on appeal is the sufficiency of the plaintiffs' second amended complaint.

The plaintiffs' second amended complaint alleged that on May 21, 1982,

> "the defendants, Kenneth R. Kennedy and Dawn E. Kennedy, husband and wife, as purchasers, and Ross Cottom Lanes, Inc., a corporation, Ross Cottom and Jean Cottom, plaintiffs, as sellers, made and executed a *** contract in writing *** for the sale and purchase of *** real estate ***."

The alleged purchase agreement, attached as an exhibit to the complaint, descried the real estate in question as "Ross Cottom Bowling Lanes," located in Metropolis, Illinois, and specified a purchase price of $405,000 with liquidated damages of 10% of this amount to be paid in the event that either party failed to perform. The agreement listed Ross Cottom as seller and Kenneth R. and Dawn E. Kennedy, husband and wife, as buyer or "buyer and spouse." The agreement was signed by Kenneth Ray Kennedy as buyer and Randy Cottom as seller.

The complaint further alleged, in pertinent part:

> "1. (a) That said contract *** was executed by and in behalf of the defendants, KENNETH R. KENNEDY and DAWN E. KENNEDY, by the execution of said contract by Kenneth R. Kennedy in his own behalf, and, further, that the said Kenneth R. Kennedy executed said contract for and in behalf of the said Dawn E. Kennedy as her agent and servant within the course of his agency for the execution of said contract, and, further, that the said Dawn E. Kennedy authorized the execution of said contract in her behalf by the said Kenneth R. Kennedy by a course of conduct by which she ratified the execution of the contract or in the alternative, authorized said contract by the execution of some memoranda [sic], paper or evidence authorizing the execution of said contract, which said memoranda is not within the possession of the plaintiffs and that said Dawn E. Kennedy is estopped by her contract [sic] from utilizing the Statute of Frauds with which to perpetrate fraud [sic] by denying the liability of said Dawn E. Kennedy under said contract.
>
> 1. (b) That the said contract *** was executed for and in behalf of the plaintiffs, and each of them, by their agent and ser-

vant ***, RANDY COTTOM, and that said plaintiffs adopt and ratify the execution of said contract by their agent, RANDY COTTOM; that these plaintiffs not only adopt and ratify the execution of said contract by their agent, Randy Cottom, but it would further be a fraud upon this court if the named plaintiffs to this cause attempted to avoid the liability of the execution of this contract in their behalf, by the said Randy Cottom, and that no written authority is necessary where these plaintiffs adopt and ratify his oral authority to execute said contract."

The complaint continued with the allegation that the defendants had failed to perform under the contract by refusing to make payments as required. A letter was attached to the plaintiffs' initial complaint but not included with subsequent complaints, in which the defendants' attorney, on May 25, 1982, notified Ross Cottom, Randy Cottom, and a real estate broker that Kenneth Kennedy "no longer desir[ed] to pursue purchase of Ross Cottom Lanes ***." The plaintiffs' complaint concluded with a prayer for $40,500, or 10% of the agreed purchase price, pursuant to the liquidated damages provision of the contract.

Both the plaintiffs' initial complaint, filed October 18, 1982, and the first amended complaint were dismissed by the trial court upon motion by the defendants. In its order of March 7, 1984, dismissing the plaintiffs' first amended complaint, the trial court found that the complaint was defective in that, among other things:

"b) [p]laintiffs *** failed to allege that Randy Cottom had written authority to bind the plaintiffs to the contracts [sic];

[and] c) [p]laintiffs *** failed to allege that Kenneth Kennedy had written authority to bind Dawn Kennedy to the contract, or that Dawn Kennedy [did] something which would take the contract out of the statute of frauds."

The plaintiffs' second amended complaint was filed on March 14, 1984. On February 25, 1985, the trial court dismissed this complaint, finding that it "fail[ed] to correct the pleading deficiencies found to exist in plaintiffs' [first] amended complaint as set forth in the order of *** March 7, 1984." The plaintiffs subsequently filed this appeal from the trial court's judgment of dismissal.

On appeal the plaintiffs contend that their second amended complaint was sufficient to state a cause of action and that it was error for the trial court to dismiss the complaint on the basis of the Statute of Frauds. The defendants counter that the complaint failed to allege the existence of a valid contract because neither Ross Cottom Lanes, Inc., nor Ross Cottom nor Jean Cottom had signed the purported con-

tract and there was no allegation that Randy Cottom had written authority to sign the contract on their behalf as required by the Statute of Frauds for the sale of real estate. In the absence of such signatures by the plaintiffs or on their behalf, the defendants assert, there was no mutuality of obligation necessary for the formation of a contract, and the purported agreement was no more than an offer to buy the property in question which never ripened into an enforceable contract.

The Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 2) requires a contract for the sale of realty to "be in writing, and signed by the party to be charged therewith, or [by] some other person authorized [by him] in writing ***." Thus, the only signature made necessary by the statute is that of the party to be charged, that is, the party against whom the contract is sought to be enforced or the defendant in an action to enforce the contract. (*Laegeler v. Bartlett* (1957), 10 Ill. 2d 478, 140 N.E.2d 702; *McMillan v. Ingolia* (1980), 87 Ill. App. 3d 727, 410 N.E.2d 162; see 37 C.J.S. *Statute of Frauds* sec. 206 (1943).) It is no defense, insofar as compliance with the Statute of Frauds is concerned, that such a contract lacks mutuality of obligation in that it is not enforceable against the other, nonsigning party. Rather, by bringing suit on the contract to enforce it, the nonsigning party has bound himself and thereby rendered the contract mutual. *Ullsperger v. Meyer* (1905), 217 Ill. 262, 75 N.E. 482; *Laegeler v. Bartlett* (1957), 10 Ill. 2d 478, 140 N.E.2d 702; see 37 C.J.S. *Statute of Frauds* sec. 206, at 698-99 (1943).

While the defendants here maintain that the contract upon which the plaintiffs' complaint was based violated the Statute of Frauds because not signed by the plaintiffs or someone authorized by them in writing to do so, such signatures were not necessary to satisfy the Statute of Frauds where the contract was signed by the party to be charged, Kenneth Kennedy. Thus, whether or not Randy Cottom had written authority to sign the contract on the plaintiffs' behalf, defendant Kenneth Kennedy would be bound by his signature in a suit brought on the contract. The plaintiffs, by bringing suit on the contract, bound themselves thereby, and the defendants' claim of lack of mutuality must fail. The plaintiffs' complaint, therefore cannot be said to be defective for failure to allege that Randy Cottom had written authority to bind the plaintiffs on the contract, and the trial court's dismissal of the complaint on this basis constituted error.

We likewise find no merit in the defendants' further contention, also cited by the trial court as a basis for dismissal, that the plaintiffs' complaint was defective for failure to allege that Kenneth Kennedy had authority to bind Dawn Kennedy to the contract as her

agent. Following dismissal of their first amended complaint on this basis, the plaintiffs amended their complaint to allege, among other things, that Dawn Kennedy "authorized said contract by the execution of some memoranda [sic], paper or evidence authorizing the execution of said contract ***." Thus, the plaintiffs' second amended complaint contained an allegation that Kenneth Kennedy had written authority to bind Dawn Kennedy to the contract as required by the Statute of Frauds. Even in the absence of such an allegation, the complaint would nevertheless have alleged a valid contract with regard to defendant Kenneth Kennedy, since he would be bound by his signature as a "party to be charged." (Cf. Crum v. Krol (1981), 99 Ill. App. 3d 651, 425 N.E.2d 1081 (defendant, who had signed contract for sale of realty as party to be charged, could not assert co-owners' failure to sign contract so as to render contract invalid under Statute of Frauds).) The plaintiffs' complaint, therefore, adequately alleged a valid contract executed by Kenneth Kennedy and authorized by Dawn Kennedy and was sufficient to withstand the defendants' motion to dismiss.

■ The defendants assert finally that the writing in question constituted, at most, an offer to purchase that never became a contract because it was not accepted by Ross Cottom to whom it was addressed. The plaintiffs' complaint, however, alleges that a contract was formed between the plaintiffs, including Ross Cottom, and the defendants, and, as we have seen, the writing itself was sufficient under the Statute of Frauds to provide a facially complete record of this contract. While a writing that complies with the Statute of Frauds is not necessarily a valid contract but only evidence of one (Crum v. Krol (1981), 99 Ill. App. 3d 651, 425 N.E.2d 1081), the plaintiffs' allegation of a contract along with such manifestation of one makes the plaintiffs' complaint alleging the other elements necessary for a breach of contract action sufficient to state a cause of action so as to withstand the defendants' motion to dismiss.

For the reasons stated, we hereby reverse the trial court's judgment dismissing the plaintiffs' second amended complaint and remand this cause for further proceedings.

Reversed and remanded.

KASSERMAN, P.J., and KARNS, J., concur.