RICHARD MARIANI, Plaintiff-Appellant, v. THE SCHOOL DIRECTORS OF DISTRICT 40, Defendants-Appellees.

Third District   No. 3—86—0379

Opinion filed April 6, 1987.—Rehearing denied May 14, 1987.

Peter F. Ferracuti, of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellant.

Walter J. Zukowski, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Richard Mariani, appeals from the judgment of the circuit court of La Salle County, in favor of the defendants, the school directors of District 40 of La Salle County (the board). The circuit court affirmed the decision of the board of education dismissing Mariani from his position of superintendent of Streator High School. On appeal, Mariani contends that he should have been afforded the procedure set forth in section 24—12 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—12).

Mariani was the superintendent of Streator High School from 1976 until his dismissal on January 6, 1983. During that time period he operated under three different employment agreements. The first

was a one-year written contract executed in 1976, the second was a three-year agreement beginning in 1977, evidenced only by an entry in the board's minutes as a motion to extend a three-year contract to Mariani, and the third, beginning in 1980, which was evidenced the same way. It is under this third agreement that Mariani was discharged from employment for alleged improprieties committed while he served as superintendent. At the hearing to determine whether Mariani should be discharged, the board sat as adjudicator.

On this appeal, as before the circuit court, Mariani contends that the three-year agreement, entered into by virtue of the recorded motion in 1980, was invalid and that his employment status was under the purview of section 24—12, which provides for certain procedural safeguards including the appointment of a disinterested hearing officer. The board contends that because Mariani was employed pursuant to a multiyear contract, he has relinquished the protections of the teacher tenure law (Ill. Rev. Stat. 1985, ch. 122, par. 24—1 et seq.). The board's contention is based on section 10—23.8 of the Illinois School Code, which pertains to superintendents under multiyear contract. The last paragraph of that section states:

> "By accepting the terms of a multi-year contract, the superintendent waives all rights granted him under Sections 24—11 through 24—16 of this Act for the duration of his employment as superintendent in the district." Ill. Rev. Stat. 1985, ch. 122, par. 10—23.8.

Our first determination must be whether a valid three-year contract existed between Mariani and the board which would, in turn, deny Mariani the protection of the teacher tenure law. The writing upon which the board relies to evidence the existence of the three-year contract is contained in the board's minutes and is as follows:

> "Upon motion by Dordan, seconded by Hozie, the Board voted to extend a three (3) year contract to Mr. Richard Mariani, which would carry through the school year of 1982-83."

Although the board voted to extend the three-year contract, Mariani's salary was still established on a year-to-year basis, as was the board's practice with the remainder of the tenured faculty. At best, this would seem to establish an agreement to agree on salary on a year-to-year basis; thereby negating the essence of a multiyear contract. This failure to establish Mariani's salary beyond the first year is the critical defect in the Board's attempt to establish a multiyear contract.

Mariani contends that, due to the three-year duration of the contract, there must be a writing sufficient to satisfy the Illinois Statute of Frauds. That statute states in pertinent part:

"[N]o action shall be brought *** upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." (Ill. Rev. Stat. 1985, ch. 59, par.1.)

The defendants agree with this contention; however, they assert that either (1) the writing in the board's minutes was sufficient to satisfy the Statute of Frauds or (2), in the alternative, the writing requirement was eliminated under the theory of partial performance.

■ We have determined that the writing was not sufficient to satisfy the Statute of Frauds. The only statement contained in the writing which purports to evidence the contract is that the board voted to extend a three-year contract to Mariani. No statements were ever recorded which would evidence the substance of the contract itself. It is possible to satisfy the Statute of Frauds from statements made in more than one document, which is what the board purports to do; however, the main document must specifically refer to any others. Additionally, the parties cannot resort to parol proof to supply any missing elements or connecting links. (*Mapes v. Kalva Corp.* (1979), 68 Ill. App. 3d 362, 386 N.E.2d 148.) The writing in this case states only a proposed time of duration. Absent duties owed by the parties, compensation to be paid, and any other essential terms of the contract, the writing falls woefully short of satisfying statutory requirements.

■ ■ We also find no merit in defendants' partial performance argument. Partial performance may act as a bar only in certain cases. Before a contract is taken out of the statute of frauds, partial performance must be of such a character that it is impossible or impractical to place the parties in status quo or restore or compensate the party performing for what he has parted with or the value of his performance so that refusal to complete the engagement would be a virtual fraud upon the party. (*Ellison v. Ellison* (1939), 372 Ill. 323, 23 N.E.2d 718.) Normal employment contracts, such as the one here, do not involve this kind of performance. To allow the fact that an employee worked and was paid for part of the duration of the contract to act as such a bar would make the relevant provision of the Statute of Frauds meaningless. Any contract where the employee had started work and received a paycheck would be protected from the application of the statute. *Mapes v. Kalva Corp.* (1979), 68 Ill. App. 3d 362, 368, 386 N.E.2d 148, 152.

■ Our determination that the writing in this case was insufficient to satisfy the Statute of Frauds leaves the parties with an unenforceable contract. The same facts and circumstances also support our belief that the contract was invalid at its making due to the uncertainty of its terms. Absent such a multiyear contract, Mariani's employment falls squarely within the protections of the teacher tenure law. The teacher tenure law was designed, and has been interpreted by the Illinois Supreme Court, to protect superintendents as well as "teachers." (*McNely v. Board of Education* (1956), 9 Ill. 2d 143, 137 N.E.2d 63.) Commensurate with that law are the procedural safeguards guaranteed by section 24—12, which include a hearing before a disinterested hearing officer which was not done in this case.

For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed and this cause is remanded for a hearing pursuant to the dictates of the teacher tenure law.

Reversed and remanded.

SCOTT, P.J., and HEIPLE, J., concur.