**Alan P. LESSMAN, Plaintiff,**

v.

**UNIVERSAL SPRAY APPLICATIONS, INC., Defendant.**

**No. 87 C 8791.**

United States District Court, N.D. Illinois, E.D.

July 9, 1988.

---

Douglas Rallo, Semmelman & Bertucci, Ltd., Lake Forest, Ill., for plaintiff.

Thomas Anthony Durkin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Alan P. Lessman brings this diversity action to enforce an employment agreement with defendant Universal Spray Applications, Inc. ("Universal"). Lessman alleges in his complaint that Universal agreed on February 2, 1987, to employ Lessman for two years at a base annual salary of $31,500.00. Universal actually employed Lessman for over a month before terminating him on March 20, 1987. Universal moves for summary judgment on the grounds that Lessman cannot produce any written contract signed by an authorized representative of Universal and that any alleged oral agreement is unenforceable under the statute of frauds. For the reasons set forth in this opinion, we conclude that Lessman has failed to demonstrate on the undisputed facts that an enforceable contract exists and accordingly grant Universal's motion for summary judgment.

### I

The Illinois [1] Statute of Frauds provides in pertinent part that

[N]o action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized. Ill.Rev.Stat. ch. 59, ¶ 1 (1985).

Contracts of employment for over a one-year period fall within the statute of frauds. That the death of the employee or the bankruptcy of the contracting employer may terminate the contract prematurely does not remove the contract from the requirements of the statute. *Gilliland v. Allstate Insurance Co.*, 69 Ill.App.3d 630, 26 Ill.Dec. 444, 446, 388 N.E.2d 68, 70 (1st Dist.1979). Thus, the courts will enforce an employment contract only if it is in writing and signed by the party against whom enforcement is sought. *Cottom v. Kennedy*, 140 Ill.App.3d 290, 94 Ill.Dec. 683, 488 N.E.2d 682 (5th Dist.1986).

In opposing summary judgment, Lessman states that he seeks to enforce not an oral agreement but a written contract in the form of a "Memo of Understanding and Agreement between Alan P.

1. The parties do not dispute that Illinois law governs this action.

Lessman and John M. Kehoe, President of Universal Spray Applications, Inc." ("Memo"). The Memo is signed only by Lessman. Lessman therefore acknowledges, as he must, that the Memo fails to satisfy the requirements of the statute of frauds since it lacks a signature by an authorized representative of Universal. Lessman nevertheless seeks enforcement of the Memo by contending that Universal ratified and thereby rendered enforceable the Memo by actually hiring and paying Lessman for over a month.

Lessman's contentions have no basis in law. In support of his rather novel proposition that ratification can remove a contract from the mandates of the statute of frauds, Lessman cites to two Illinois cases: *Forthman v. Deters*, 206 Ill. 159, 69 N.E. 97 (1903), and *Welsh v. Jakstas*, 401 Ill. 288, 82 N.E.2d 53 (1948). Neither case has any relevance to this action, let alone to Lessman's proposition. In both cases, the party against whom enforcement of the terms of a written document was sought actually signed the document, thus rendering the statute of frauds inapplicable. The pertinent issue in each case was whether under the doctrine of mutuality of obligation the party who did not sign the contract could enforce the contract against a party who did. In *Forthman*, the Illinois Supreme Court found plaintiff's performance of some of the terms of the contract sufficient to establish mutuality. In *Welsh*, the Court found oral notice by an attorney sufficient. The statute of frauds was simply irrelevant to both decisions.

Even if Lessman were to evoke the well-settled doctrine of partial performance in order to remove the Memo from the strictures of the statute of frauds, he could not prevail.

Partial performance by a party to an oral contract may render enforceable a contract otherwise unenforceable under the statute of frauds. *Vail v. Board of Education of Paris Union School District No. 95*, 706 F.2d 1435, 1440 (7th Cir.1983), *aff'd*, 466 U.S. 377, 104 S.Ct. 2144, 80 L.Ed.2d 377 (1984). This doctrine is founded not on notions of ratification but on the principle that in some situations "partial performance [may] be of such character that it is impossible or impracticable to place the parties in status quo, or to restore or compensate the party performing for what he has parted with, or the value of his performance [and] a refusal to go on and complete the engagement would be a virtual fraud upon the parties." *Ellison v. Ellison*, 372 Ill. 323, 23 N.E.2d 718, 719–20 (1939).

Applying the doctrine of partial performance, Lessman's action cannot survive Universal's motion for summary judgment. In the context of employment contracts, the Illinois courts have demonstrated a decided reluctance to bar application of the statute of frauds on evidence of actual employment for any period of time short of complete performance. In *Mapes v. Kalva Corp.*, 68 Ill.App.3d 362, 24 Ill.Dec. 944, 386 N.E.2d 148 (2d Dist.1979), a case factually similar in all pertinent aspects to this action, the Illinois Appellate Court held that the statute of frauds precludes enforcement of an alleged oral contract of employment despite the employer's actually having employed the plaintiff for three months:

> [T]o allow the fact that an employee worked and was paid for part of that year to act as such a bar [to application of the statute of frauds] would make the relevant provision of the statute of frauds totally meaningless. Any contract where the employee had started work and received a paycheck would be protected from the application of the statute.... A check stub or even a signed paycheck indicates nothing except what a particular employee has been paid for a particular period. It does not act as a contract to pay the employee the same amount for even the next pay period, much less for an entire year.... However, complete performance on the part of one of the parties to the alleged contract will prevent the application of the statute of frauds. *Id.* 24 Ill.Dec. at 948, 386 N.E.2d at 152.

*See also Mariani v. School Directors of Dist. 40*, 154 Ill.App.3d 404, 107 Ill.Dec. 90, 92, 506 N.E.2d 981, 983 (3d Dist.1987) (find-

ing actual employment for two years insufficient to bar application of the statute of frauds to an alleged three-year employment contract). It is thus clear that Lessman cannot rely on his actual employment of over a month to render enforceable a contract otherwise unenforceable under the statute of frauds.

### Conclusion

Universal has demonstrated on the undisputed facts that the Illinois Statute of Frauds bars enforcement of the Memo of Understanding. Accordingly, Universal's motion for summary judgment is granted. It is so ordered.