JOHN PRODROMOS, Plaintiff-Appellant, v. HOWARD SAVINGS BANK *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—96—4129

Opinion filed March 3, 1998.—Rehearing denied April 15, 1998.

Howard Harris, of Lincolnwood, for appellant.

Jeffrey B. Lieberman and Gayle L. Yeatman, both of Chicago, and Carmen V. Speranza and Christine H. Speranza, both of Lake Forest, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, John Prodromos, brought this action in the circuit court of Cook County against defendant Howard Savings Bank (bank) for breach of an employment contract and for an accounting. Plaintiff also brought this action against defendants Althea Prodromos (Althea), Chadwick Prodromos (Chadwick) and Marilyn Prodromos (Marilyn) for tortious interference with an employment contract. The bank filed a motion to dismiss the breach of contract counts of plaintiff's six-count first amended complaint, pursuant to sections 2—619(a)(7) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2—

619(a)(7), (a)(9) (West 1994)), stating that the alleged employment contract failed to satisfy the Frauds Act (740 ILCS 80/1 (West 1994)). Althea, Chadwick and Marilyn also filed section 2—619(a)(7) and (a)(9) motions to dismiss the tortious interference with the contract count of plaintiff's first amended complaint. They alleged that because the Frauds Act barred enforcement of the alleged contract, there was no contract with which to interfere. The trial court granted both motions, noting that the employment contract was not signed by the bank and finding that the writings plaintiff offered were insufficient to remove the bar of the Frauds Act. The trial court struck the remaining counts of plaintiff's first amended complaint and granted plaintiff leave to amend those counts. Plaintiff filed a motion to reconsider and to vacate the order of dismissal, which the trial court denied. Plaintiff now appeals the trial court's dismissal of the breach of contract and tortious interference with the contract counts, pursuant to Supreme Court Rules 301 and 304 (155 Ill. 2d Rs. 301, 304).

For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

Plaintiff alleged in his first amended complaint that he owned 40% of the issued and outstanding voting stock of the bank, which was an Illinois financial institution chartered pursuant to the Illinois Savings Bank Act (205 ILCS 205/1002 (West 1996)). At the bank's 1993 annual shareholders' meeting, plaintiff, Althea, James Economos (Economos), Peter S. Sotos (Sotos), and Louis Sotreras (Sotreras) were elected to be the board of directors until the 1994 annual shareholders' meeting.

On March 30, 1994, plaintiff, Sotreras and Economos were present at a regular monthly directors' meeting. The minutes of that monthly meeting stated that it was called pursuant to notice and that Althea was not present. The minutes also reflected that each director present received a copy of employment contracts for plaintiff and Althea. Plaintiff did not take part in the discussion of the contracts and did not vote on them. Economos and Sotreras approved the contracts. The contract for plaintiff was not signed by the bank. Plaintiff, Economos and Sotreras signed the minutes of the meeting.

The 1994 annual meeting of the bank's stockholders was held later the same day. The stockholders elected Althea, Chadwick, Marilyn, Donald Veverka, and Sotos to be the board of directors for the following year. The minutes of the annual stockholders' meeting did not refer to the March 30 monthly board of directors meeting.

Plaintiff's employment was terminated without prior notice on November 15, 1994. Plaintiff alleged that he had performed all of the

duties and obligations of chief executive officer that the employment contract required of him between March 30, 1994, and November 15, 1994. He did not receive the full monthly salary, as provided in the employment contract during that time.

The board of directors held a special meeting on April 28, 1994. The minutes of that meeting stated that the directors did not approve the minutes of the March 30 monthly directors' meeting. The minutes of the April 28 meeting also stated "that all purpo[r]ted actions taken [during] the March 30, 1994 meeting, including the attempted approval of any employment contracts, *** are rejected and disavowed and are of no force and effect." The minutes of the April 30 meeting approved the directors' actions during the April 28 meeting.

In February 1995, the next annual shareholders' meeting was held, and Althea, Chadwick, Marilyn and Georgia Revis were elected as directors. The minutes of the meeting did not refer to the March 30 monthly directors' meeting.

In its motion to dismiss, the bank asserted that the three-year employment contract that plaintiff attached to his complaint was not signed by the bank and therefore violated the Frauds Act. It also submitted that plaintiff did not perform his job based on a reasonable reliance of the contract, and that on April 30, 1994, the new board of directors repudiated the board's actions of March 30, 1994. Furthermore, the bank alleged that the March 30 monthly directors' meeting was conducted in violation of the bank's bylaws and state regulatory requirements, and that any action taken by the board at the meeting was invalid and not binding upon the bank. The bank stated that the board's violations included: holding the meeting at an unauthorized location and while lacking the required number of five directors and failing to notify Althea of the meeting. In their motion to dismiss, Althea, Chadwick and Marilyn adopted the bank's motion, asserting that the contract violated the Frauds Act and that there did not exist a valid and enforceable contract upon which to base an action for tortious interference with a contract. The trial court granted defendants' motions and dismissed the first three counts of plaintiff's first amended complaint with prejudice on September 5, 1996. Plaintiff filed a motion for reconsideration, which the trial court denied.

## ISSUES PRESENTED FOR REVIEW

On appeal, plaintiff contends that the trial court erred in granting defendants' section 2—619 motions to dismiss and argues that: (1) the signed minutes of the March 30, 1994, board of directors meeting constituted a writing sufficient to remove the bar of the Frauds Act; (2) plaintiff's partial performance of the contract removed

the bar of the Frauds Act; and (3) defendants failed to properly raise "affirmative matters" (that the March 30 directors' meeting violated the bank's bylaws and state regulations) within the scope of a section 2—619(a)(9) motion to dismiss.

## OPINION

Plaintiff first contends on appeal that the signed minutes of the March 30 monthly directors' meeting constituted a writing sufficient to remove the bar of the Frauds Act. Plaintiff argues that those minutes were executed by the directors pursuant to their statutory duty and authority, and that the minutes identified the exact employment contract involved and the parties to that contract.

■ We review section 2—619(a)(7) and (a)(9) motions to dismiss *de novo*, and the trial court, after reviewing all pleadings and supporting documents in the light most favorable to the nonmoving party, should grant the motions if plaintiff can prove no set of facts to support a cause of action. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189, 680 N.E.2d 265, 270 (1997); *Stephen L. Winternitz, Inc. v. National Bank*, 289 Ill. App. 3d 753, 755, 683 N.E.2d 492, 493 (1997). The trial court must take all well-pleaded facts in the complaint and attached exhibits as true and construe from them all reasonable inferences in the plaintiff's favor. *Prodromos v. Poulos*, 202 Ill. App. 3d 1024, 1028, 560 N.E.2d 942, 946 (1990). The trial court must also consider whether the defendant presented facts constituting an affirmative defense that could defeat the plaintiff's cause of action. *Prodromos*, 202 Ill. App. 3d at 1028, 560 N.E.2d at 946.

■ The Frauds Act states:

> "No action shall be brought *** upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." 740 ILCS 80/1 (West 1994).

In order to satisfy the Frauds Act, there must be a writing, not necessarily on a single piece of paper, that is signed by the party to be charged. *Chapman v. Freeport Securities Co.*, 174 Ill. App. 3d 847, 854, 529 N.E.2d 6, 10 (1988). The writing must contain all essential terms of the contract, and the signed writing must refer expressly to the other writings or the other writings must be connected, physically or otherwise, to show that they relate to the same contract. *Dickens v. Quincy College Corp.*, 245 Ill. App. 3d 1055, 1060, 615 N.E.2d 381, 384 (1993); *Chapman*, 174 Ill. App. 3d at 854, 529 N.E.2d at 10. Writings sufficient to satisfy the Frauds Act may include sev-

eral documents, which may consist of such forms as letters, notes, and papers. *American College of Surgeons v. Lumbermens Mutual Casualty Co.*, 142 Ill. App. 3d 680, 698-99, 491 N.E.2d 1179, 1191-92 (1986). Where a party offers minutes of a meeting to satisfy the Frauds Act, the minutes must be approved, because without approval, the secretary's signature is not authorized. *Chapman*, 174 Ill. App. 3d at 854, 529 N.E.2d at 10.

In *Chapman*, the plaintiff, who was the president of Freeport Securities Company (Freeport), brought an action against the defendant, Freeport, for breach of an employment contract, and against two Freeport directors, Jack Chapman (Jack) and Marilyn Tibbits (Marilyn), for tortious interference with the employment contract. *Chapman*, 174 Ill. App. 3d at 849, 529 N.E.2d at 7. The plaintiff had drafted an employment contract proposal for himself, with various salary options, to present at the annual stockholders' meeting. After the January 27, 1981, stockholders' meeting, Freeport's directors had a meeting and elected the plaintiff as president. The plaintiff's employment contract proposal was distributed to the directors. No minutes of the directors' meeting were made or approved immediately after the meeting. Richard Eckert (Eckert), a director, later made two drafts of an agreement for the plaintiff's employment, which differed in their terms. Eckert also drafted proposed minutes of the January 27 directors' meeting, which included the essential terms of the proposed employment contract. Jack and Marilyn called a special meeting on March 6, at which a motion to approve the proposed January 27 directors' meeting minutes failed. The minutes of the March 6 meeting were approved at Freeport's July 10 semiannual directors' meeting. The minutes of the July 10 meeting stated that "the contract authorized by the Board of Directors at the Board of Directors Meeting held in January 1981" was rejected and disavowed. The appellate court noted that the July 10 minutes indicated that there was a contract, but that the minutes did not refer to any document wherein the terms of the contract could be found.

The trial court in *Chapman* decided that the employment contract existed and found for the plaintiff on his breach of contract claim. The appellate court in *Chapman*, reversing the trial court in part, found that the employment contract was barred by the Frauds Act. The appellate court noted that the contract was not signed by Freeport and that the minutes of the January 27 directors' meeting were signed by Eckert, but not approved. Therefore, the appellate court held that the January 27 minutes were insufficient to constitute a writing to remove the bar of the Frauds Act. *Chapman*, 174 Ill. App. 3d at 854, 529 N.E.2d at 10.

■ In the present case, we believe *Chapman* is controlling and find that plaintiff's employment contract was barred by the Frauds Act. Because the bank did not sign the contract, plaintiff was required to show sufficient writings to remove the bar of the Frauds Act. The minutes of the March 30 monthly directors' meeting stated that the directors reviewed a copy of plaintiff's employment contract and that Economos and Sotreras approved the contract. Those minutes were insufficient to remove the bar of the Frauds Act, because, like the July 10 minutes in *Chapman*, they did not refer to any essential terms of the contract, or even specifically to which contract they approved. The March 30 minutes in this case did not indicate that the board reviewed the same proposed employment contract upon which plaintiff based his cause of action. Those minutes stated that the directors reviewed "employment contracts for John Prodromos and Althea Prodromos," but the minutes did not refer to any specific compensation amounts or time periods in the contracts. Furthermore, similar to the facts in *Chapman*, the minutes of the March 30 meeting lacked the required approval. In fact, the board of directors later rejected and disavowed any proposed employment contract for plaintiff.

Plaintiff also submits that he tendered, and the bank accepted, his partial performance based on the contract. Therefore, plaintiff contends, he is entitled to compensation for the time of his performance pursuant to the terms of the contract.

■ In order to remove the bar of the Frauds Act, partial performance must be such that it is impractical or impossible to place the parties in status quo, or to compensate the performing party for the value of the performance, so that any refusal to complete the engagement would constitute a fraud on the performing party. *Mariani v. The School Directors of District 40*, 154 Ill. App. 3d 404, 407, 506 N.E.2d 981, 983 (1987). "Normal employment contracts *** do not involve this kind of performance." *Mariani*, 154 Ill. App. 3d at 407, 506 N.E.2d at 983. To allow the employee's time worked and compensation for part of the duration of the contract to act as a bar to the Frauds Act "would make the relevant provision of the Frauds Act meaningless." *Mariani*, 154 Ill. App. 3d at 407, 506 N.E.2d at 983. Otherwise, any contract where the employee began working and received pay would be protected from the Frauds Act. *Mariani*, 154 Ill. App. 3d at 407, 506 N.E.2d at 983, citing *Mapes v. Kalva Corp.*, 68 Ill. App. 3d 362, 368, 368 N.E.2d 148, 152 (1979).

■ In this case, plaintiff worked as president of the bank for eight months and received compensation, which plaintiff alleged was less than the salary provided for in the employment contract. Based on

our review of the record, we disagree with plaintiff and do not find that any fraud was committed against him. As in *Mariani*, the fact that plaintiff was employed as president of the bank for eight months of a purported three-year term does not remove the bar of the Frauds Act.

■ Plaintiff's final argument is that the trial court erred in granting defendants' section 2—619 motion to dismiss the tortious interference with the contract count. To maintain such an action, a plaintiff must plead and prove: "(1) the existence of a valid and enforceable contract between plaintiff and another; (2) defendant's awareness of the contractual relationship; (3) defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by defendant's wrongful conduct; and (5) damages." *Schott v. Glover*, 109 Ill. App. 3d 230, 234, 440 N.E.2d 376, 378 (1982); see *Chapman*, 174 Ill. App. 3d at 856, 529 N.E.2d at 11. We affirm the trial court's dismissal of that count because such a cause of action requires the existence of a valid and enforceable contract, which we have found did not exist in this case.

Furthermore, because we find that there was no valid enforceable employment contract, we do not address plaintiff's argument that defendants failed to properly raise "affirmative matters" within the scope of a section 2—619(a)(9) motion to dismiss.

In light of the foregoing, we affirm the judgment of the circuit court of Cook County.

Affirmed.

McNULTY, P.J., and COUSINS, J., concur.