(No. 17181.—Decree affirmed.)
SEYMOUR L. WINANS et al. Plaintiffs in Error, vs. RAN-
SOM BLOOMER, Exr., et al. Defendants in Error.

*Opinion filed April 23, 1926.*

1. SPECIFIC PERFORMANCE—*fraud is the basis of relief in case of part performance of oral contract.* Neither payment of purchase money nor the rendition of services pursuant to an oral agreement for conveyance can take the case out of the Statute of Frauds where the party can be adequately compensated in an action at law for the money paid or the services rendered, as the basis for relief in equity in favor of a party by whom such contract has been partially performed is the fraud resulting from permitting the defense of the statute, where the party has by his part performance placed himself in a worse position than before the contract, for which he cannot be adequately compensated at law.

2. SAME—*when purchaser of land pursuant to oral agreement for another conveyance will not be given relief.* One who has purchased land from certain heirs relying upon an oral agreement of another heir to convey him or his wife certain other property will not be granted specific performance of the oral contract, where there is no showing that the land he purchased was not worth what he paid for it or that he suffered any substantial change for the worse in his position in consequence of the agreement.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

GUNN, PENWELL & LINDLEY, for plaintiffs in error.

JONES, McINTIRE & JONES, and J. M. BOYLE, guardian *ad litem,* for defendants in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Seymour L. Winans and Ruby Winans, his wife, filed a bill in the circuit court of Vermilion county for the specific performance of a contract between them and David Bloomer for the conveyance to Mrs. Winans of a tract of land containing 31.75 acres in section 4, town 18, and section 33,

town 19, north of range 13, west. Bloomer was the father
of Mrs. Winans. He died before the filing of the bill, leav-
ing a will, by which he devised the land included in the con-
tract to two of his daughters other than Mrs. Winans, who
were made defendants to the bill, together with the other
heirs, devisees and the executor of the will. The defend-
ants answered denying the making of the contract, alleging
that the contract was not in writing and claiming the bene-
fit of the Statute of Frauds, and further setting out the
will of Bloomer, by which he devised to Mrs. Winans for
life, with remainder in fee to the heirs of her body, 65 acres
of land other than the 31.75 acres described in the bill, and
alleging that since the death of Bloomer and the probate of
his will the complainants had entered into possession of the
land devised to Mrs. Winans and accepted the rents and
profits from the land and by so doing have elected to abide
by the will and are barred from further maintaining their
suit. The cause was referred to a master, who reported
the evidence, together with his conclusions of fact and
law, finding that the complainants were entitled to the re-
lief prayed for. Objections to the report were overruled
by the master and renewed as exceptions before the chan-
cellor, who sustained them and entered a decree dismissing
the bill for want of equity, and the complainants sued out
a writ of error.

Mary Jester, a sister of David Bloomer, died in Novem-
ber, 1920, intestate, having no husband or descendant but
leaving as her heirs her brother, a sister, and a nephew and
three nieces, the children of a deceased brother. She was
the owner of about 90 acres of land in Vermilion county,
77 acres being at the southeast corner of the hard road
running from Danville to Homer and the Fairmount hard
road. This tract was about a mile north of the village of
Fairmount. The remainder of the 90 acres consisted of a
square tract of about 13 acres adjoining the north bound-
ary line of the village of Fairmount. The land was unim-

proved, except the fences. Bloomer lived in the village of Fairmount and owned land adjoining the 77-acre tract of Mrs. Jester, and the complainants lived near the village. The claim of the plaintiffs in error, which they introduced evidence to sustain, is, that David Bloomer tried through his friends and neighbors to interest Winans in buying the undivided one-third interest of the nephew and nieces of Mrs. Jester in her land, and proposed if he would buy their interest to convey to Winans' wife, either by deed or will, Bloomer's share of the land, reserving only a life estate or rent, and that in the latter part of March, 1921, he met Winans in the bank at Fairmount and agreed with him that if he would buy the one-third interest of those heirs of Mrs. Jester, Bloomer would transfer or cause to be transferred to Mrs. Winans the one-third interest of Bloomer in the Jester land wherever it might be set off to him, with the understanding that he should have the rent from the land during his lifetime and at his death the fee should be in Mrs. Winans, and with the further understanding that Winans should have the right to rent the farm at a reasonable rent; that Winans accepted this proposition, and by a contract dated March 29, 1921, agreed with the nephew and nieces to buy their one-third interest in the Jester land for $250 an acre, and on April 1 they conveyed that interest to Winans for the sum of $7574.17. On August 30, 1921, Bloomer, his sister and Winans, who were then the owners of all the land which had formerly belonged to Mrs. Jester, exchanged deeds making partition of the land, the sister getting the 13-acre tract and receiving in addition $3231.25 paid by Winans; Bloomer getting the tract of land involved in this suit, being the east part of the 77-acre tract; and Winans getting 45½ acres off the west end of the 77-acre tract. After this partition Bloomer refused to rent the land to Winans or to convey it to his wife, and on March 13, 1923, executed his will, by which he devised a part of it to his daughter Daisy I. Bloomer in fee, and the rest of it

to his daughter Leslie B. Pritchard for life, with remainder to the heirs of her body. He died in January, 1924, and this bill was filed to the May term of that year.

The contract being for the sale of land and not in writing was clearly within the Statute of Frauds, and for that reason no suit for its specific performance can be maintained unless there has been such performance of it as to take it out of the operation of the statute. Neither payment of the purchase money nor the rendition of services can take a case out of the statute, for the reason that the party can be adequately compensated for the money paid or the services rendered in an action at law. (*Weir* v. *Weir*, 287 Ill. 495; *Temple* v. *Johnson*, 71 id. 13.) The basis for relief in equity from the operation of the statute and for the remedy of specific performance of a contract within its terms in favor of a party by whom it has been partially performed is the fraud resulting from permitting the defense of the statute in such cases where the party by his acts in partial performance of the contract has placed himself in a worse position than before the contract, for which he cannot be adequately compensated in an action at law. (*Gladville* v. *McDole*, 247 Ill. 34.) "Nothing is to be considered as a part performance which does not put a party in a situation which is a fraud upon him unless the agreement be fully performed." (2 Story's Eq. Jur.— 14th ed.—sec. 1047; *Weir* v. *Weir, supra; Temple* v. *Johnson, supra.*) Assuming that the contract was clearly proved and its terms definitely established as claimed by the plaintiffs in error, it was fully performed on their part. Winans bought the interest of Mrs. Jester's nephew and nieces, which was all that the contract required him to do, and he now owns the land, which cost him $250 an acre. There is no evidence that it is not of that value. The record contains nothing to show any change for the worse in his position. He bought the land, so far as the record discloses, at its fair value, and the rule of law is well estab-

lished that relief will not be granted to the purchaser of land under a contract which is voidable because not in writing, as required by the Statute of Frauds, where he shows no substantial change for the worse in his position in consequence of the agreement. *Edwards* v. *Brown,* 308 Ill. 350; *Snyder* v. *French,* 272 id. 43; *Pond* v. *Sheean,* 132 id. 312.

The decree of the circuit court was right and is affirmed.

*Decree affirmed.*