(No. 25191.—▮▮▮▮▮)
C. C. ELLISON *et al.* Appellants, *vs.* VICTORIA ELLISON, Appellee.

*Opinion filed October 13, 1939—Rehearing denied Dec. 6, 1939.*

324

Murphy, J., dissenting.

I. W. Giberson, and C. C. Ellison, for appellants.

J. F. Eeck, for appellee.

Mr. Justice Gunn delivered the opinion of the court:

On January 9, 1933, Helen Inez Ellison and her four children, C. C. Ellison, Alfred Olin Ellison, James Wilbur Ellison and Mary Ellison Smith, being the owners of certain real estate in Madison county, Illinois, conveyed the same in trust to Helen Inez Ellison, Mary E. Smith and Grace J. Ellison, as trustees, to manage, pay taxes and interest, to provide for the support of Helen Inez Ellison, and to sell upon a vote of three-fourths of the beneficial owners, and use the money to pay certain specified things, and the surplus, if any, to divide between Alfred O. Ellison, Mary E. Smith, Grace J. Ellison and James W. Ellison, it being recited in the trust agreement that C. C. Ellison had assigned and conveyed his share to the said Grace J. Ellison. There was a mortgage of $3100 on the property, and its income was so small it was a burden upon the owners. C. C. Ellison was designated as agent for the trustees to manage the trust, and at the time of the filing of the suit the mortgage had been paid. Alfred O. Ellison died July 9, 1936,

and Helen Inez Ellison died August 4, 1936, both intestate. A complaint was filed in the circuit court of Madison county by the surviving trustees, Grace J. Ellison and Mary E Smith, and by the individuals, C. C. Ellison, Mary E. Smith and James W. Ellison, against Victoria Ellison, the surviving widow of Alfred O. Ellison, and the administratrix of his estate. A motion to dismiss was made because of want of equity upon the face of the bill, and because the agreement was unenforceable under the Statute of Frauds. The circuit court sustained the motion of appellee and dismissed the complaint. This appeal follows.

It is difficult to determine whether the suit is one for specific performance or to quiet title or a combination of both, but it reasonably appears that C. C. Ellison claims to be the owner of the interest of Alfred O. Ellison, which involves a freehold, because the *corpus* of the trust is unsold real estate, and the prayer is that Victoria Ellison, who has an interest under the Statute of Descent, be decreed to have no interest therein. *Rae* v. *Klotter,* 329 Ill. 59; *Winkelmann* v. *Winkelmann,* 345 id. 566.

C. C. Ellison's claim of title as set forth in the complaint is substantially as follows: That Alfred O. Ellison on June 17, 1935, proposed that if he, C. C. Ellison, would assume all of the burden as part owner of the property and save Alfred O. Ellison harmless from paying any part of the mortgage on the property or the interest thereon, or the taxes or insurance which might accrue, he would, in exchange thereof, waive all claim he might then or thereafter have in said real estate, or against C. C. Ellison, or any of the Ellison family; that said arrangement was wholly oral; that thereafter Alfred O. Ellison and his wife signed a new note and an extension agreement deferring the time of the payment of the mortgage. C. C. Ellison signed and delivered a personal indemnifying bond, indemnifying Alfred O. Ellison against liability upon said note and extension agreement and recited therein that Alfred O. Ellison had re-

leased all of his right to the real estate therein described; that, thereafter, C. C. Ellison assumed to act as owner of such share, agent of the trustees, and, as such, paid off the mortgage indebtedness, and has never called upon Alfred O. Ellison to pay any moneys or expenses in connection with said estate, and neither did the said Alfred O. Ellison, or his administratrix, offer to pay any such expenses. After the death of Alfred O. Ellison, Victoria Ellison, as administratrix, filed of record an affidavit claiming an interest in said real estate and denying that Alfred O. Ellison had released any part of his interest to any one. C. C. Ellison claims to have been in the exclusive possession for himself and all of the appellants and prays to have the affidavit of Victoria Ellison expunged from the record as a cloud upon his title, and that Victoria Ellison be decreed to have no interest in the property. The stipulation was made between the parties that Victoria Ellison, in her affidavit, intended to claim an interest under the Statute of Descent and not as administratrix.

Appellants contend that the facts alleged in the complaint show the performance of the oral contract to transfer real estate, or an interest in real estate, to such an extent to make it enforceable and binding in a court of equity. The contract is unenforceable under the Statute of Frauds, unless the performance and conduct of the parties, pursuant to such oral contract, is of such a nature as to make it enforceable in a court of equity.

It has been uniformly held by this court that before an oral promise to convey real estate is taken out of the operation of the Statute of Frauds, the partial performance must be of such character that it is impossible or impracticable to place the parties *in statu quo,* or to restore or compensate the party performing for what he has parted with, or the value of his performance. *Winans* v. *Bloomer,* 321 Ill. 76; *Grove* v. *Templin,* 320 id. 597; *Flannery* v. *Woolverton,* 329 id. 424; *Weir* v. *Weir,* 287 id. 495; *Shaver* v. *Wickwire,* 335 id. 46; *Yager* v. *Lyon,* 337 id. 271.

The rule is stated in *Holsz* v. *Stephen*, 362 Ill. 527: "The remedy is afforded where the contract has been performed by one party in such a way that the parties cannot be placed *in statu quo* or damages awarded which would be full compensation. (*Weir* v. *Weir*, 287 Ill. 495; *Koenig* v. *Dohm*, 209 id. 468.) The performance relied upon must place the party who has performed in such a situation that it would be a fraud upon him if the agreement were not carried out. (*Nelson* v. *Nelson*, 334 Ill. 43.) To take an oral promise which has been partly performed out of the statute, part performance must be such that a restoration of their previous condition is impracticable and a refusal to go on and complete the engagement would be a virtual fraud upon the parties.—*Shaver* v. *Wickwire*, 335 Ill. 46; *Stephens* v. *Collison*, 313 id. 365."

A careful examination of the facts alleged in the complaint fails to show appellant C. C. Ellison has made any improvements upon the property in question, or performed any acts for which he could not be adequately compensated. It appears from the complaint that the real estate is still in the hands of the trustees. The complaint fails to state facts showing it would be impracticable to reimburse Ellison for the value of the alleged performance upon his part. The alleged facts show that C. C. Ellison's agreement was to pay expenses and encumbrances and to save A. O. Ellison from expense and liability. Such performance upon the part of C. C. Ellison would necessarily relate to matters of expense and payment, the value and amount of which may be readily fixed in money value. The complaint discloses that C. C. Ellison was acting as agent for the other parties interested in the real estate, and managed the same and made an accounting to them. There could obviously be no greater difficulty for an accounting in respect to the interest of A. O. Ellison than in respect to the other interested parties.

The conclusion that C. C. Ellison did not acquire the interest of A. O. Ellison is fortified by the fact that the

328

complaint fails to state whether the promise was made to C. C. Ellison for the benefit of the estate, or made to him for his individual benefit. The allegation that A. O. Ellison released all of his right to the real estate involved might well be construed either way, since C. C. Ellison had previously conveyed the share inherited by him to Grace J. Ellison. In either event, sufficient does not appear in the record to take the case out of the Statute of Frauds.

It appears from the face of the complaint that the action is within the Statute of Frauds. The decree of the circuit court of Madison county is affirmed.

*Decree affirmed.*

Mr. JUSTICE MURPHY, dissenting.