NO. 5-97-0184

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

GERALD CAIN,                     )  Appeal from the

                                 )  Circuit Court of

     Plaintiff-Appellant,        )  Union County.

                                 )

v.                               )  No. 96-L-28

                                 )

RONALD E. CROSS and ROBERT L.    )

CROSS,                           )  Honorable

                                 )  D. D. Bigler,

     Defendants-Appellees.       )  Judge, presiding.

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Gerald Cain, filed an action seeking money damages for breach of contract.  The defendants, Ronald and Robert Cross (collectively Cross), filed a motion to dismiss based upon the provisions of the statute of frauds.  From an order of the circuit court granting the motion, Cain appeals.

The facts are as follows.  Cain filed a complaint alleging that Cross agreed to sell to Cain, and Cain agreed to purchase, 806 acres in Pulaski County, known as Cross Farms, for $1,000 per acre.  The agreement was not in writing.  Cain claims he was to pay $10,000 in earnest money upon making the agreement, $400,000 on the delivery of possession, and the balance with interest at a later date.  Cain claims he made the $10,000 down payment and arranged financing for the balance, but Cross refused to convey the property and breached their agreement by conveying the property to a third party.  Cain alleges that he sustained money damages in excess of $50,000 and filed this action to recover those damages.

Cross moved to dismiss, pursuant to section 2-619(a)(7) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(7) (West 1996)), claiming that the alleged agreement for the sale of land was unenforceable pursuant to the provisions of the statute of frauds (740 ILCS 80/2 (West 1996)), because it was not in writing.  From the circuit court's order granting the motion, Cain appeals.

The sole issue presented for review is whether the circuit court erred in dismissing Cain's cause of action on the basis of the statute of frauds.

A dismissal is appropriate under section 2-619(a)(7) of the Code of Civil Procedure when the claim asserted is unenforceable under the provisions of the statute of frauds.  735 ILCS 5/2-619(a)(7) (West 1996).  

On review, we must consider "`whether the existence of a genuine issue of a material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.'"  
Vuagniaux v. Korte
, 273 Ill. App. 3d 305, 307, 652 N.E.2d 840, 841 (1995), quoting 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 736 (1993).

Cain claims that Cross waived the statute of frauds defense.  According to Cain, in order for Cross to raise the statute of frauds defense, Cross also had to object to the failure to comply with section 2-606 of the Code of Civil Procedure (735 ILCS 5/2-606 (West 1996)).  It is clear that when a claim or defense is founded upon a written instrument, section 2-606 requires a copy of the instrument to be attached to the pleading as an exhibit.  In effect, Cain is arguing that by merely moving for a dismissal based upon the statute of frauds, without also raising the issue of the failure to attach a written contract as an exhibit to the complaint, Cross by implication admitted that there was a written contract.  We disagree for the reasons we will now explain.

The statute of frauds provides in part, "No action shall be brought to charge any person upon any contract for the sale of lands" unless the contract or a memorandum or note thereof is in writing and signed by the party to be charged.  740 ILCS 80/2 (West 1996).  A contract alleged to be invalid on the basis of the statute of frauds is merely voidable, not void.  The contract may be enforced unless the defendant sets up the statute as a defense.  
Koenig v. Dohm
, 209 Ill. 468, 476, 70 N.E. 1061, 1063 (1904).  "A man, who makes an oral contract to sell land, and violates his agreement, and relies upon the Statute of Frauds in order to justify himself in its non-performance, may be guilty of a wrong in the domain of morals, but not of such a fraud as relieves against the application of the statute."  209 Ill. at 481, 70 N.E. at 1065.   The statute of frauds defense is a substantive defense which defeats the cause of action.  
Ellison v. Ellison
, 372 Ill. 323, 23 N.E.2d 718 (1939); 
Koenig
, 209 Ill. 468, 70 N.E. 1061.  The failure to attach a copy of a written contract as required by section 2-606 is a mere pleading deficiency that can be remedied easily by simply seeking leave to amend and then attaching a copy of the written contract.  
Case Prestressing Corp. v. Chicago College of Osteopathic Medicine
, 118 Ill. App. 3d 782, 455 N.E.2d 811 (1983).  Of course, if no written contract exists, then seeking leave to amend would be fruitless.  We do not believe that Cross waived or admitted anything by moving to dismiss solely on the basis of the statute of frauds.  The requirements of section 2-606 and the requirements of the statute of frauds are independent of one another.  Cross was free to move for a dismissal on the grounds of the section 2-606 violation or on statute of frauds grounds or both.   

Cain's next contention is that under the doctrine of part performance, the absence of a written contract is irrelevant.  Cain argues that by paying $10,000 in earnest money, he has partly performed, thereby taking the agreement out of the statute of frauds.  He cites several cases that, he claims, support his argument.  We disagree.

The cases relied on by Cain to support his part-performance argument, with only one exception, involved contracts for the sale of goods.  The single case cited that addressed a contract for the sale of land contradicts Cain's position.  That case will be discussed later in this decision.  Contracts for the sale of goods are governed by the Uniform Commercial Code (UCC).  810 ILCS 5/2-101 
et seq.
 (West 1996).  Under the UCC, a special statute of frauds applicable to contracts for the sale of goods controls such contracts.  810 ILCS 5/2-201 (West 1996).  Because this case does not involve a contract for the sale of goods, we express no view on the requirements for part performance under the UCC.  

Oral contracts for the sale of land, to become enforceable under the doctrine of part performance, require more than the mere payment of earnest money.  "[A] payment of the purchase money alone [for real estate], without either possession or improvements, is not such a part performance[] as to take the case out of the statute."  
Koenig v. Dohm
, 209 Ill. 468, 479, 70 N.E. 1061, 1064 (1904); see also 
Wright v. Raftree
, 181 Ill. 464 (1899).

The only case Cain cites that discusses the doctrine of part performance in relation to a contract for the sale of land is 
Pendleton v. King
, 55 Ill. App. 3d 1, 370 N.E.2d 590 (1977). 
Pendleton
 holds that in order to satisfy the requirements of the part-performance doctrine, the buyer must take possession of the property, pay the purchase money, either in whole or in part, and make improvements to the land or change the property in some way in reliance on the oral agreement.  55 Ill. App. 3d at 4, 370 N.E.2d at 592.  The only requirement Cain has met, if we accept the allegations of the complaint as true, is the payment of earnest money.  This is simply not sufficient to remove the bar of the statute of frauds.

Cain next claims that the complaint must be construed liberally (735 ILCS 5/1-106 (West 1996)) so as to do justice between the parties.  Liberally construing the complaint will not change the facts.  The record is devoid of any evidence that Cain and Cross ever entered into a written contract for the sale of land, and Cain failed to plead the requisite elements under the part-performance doctrine.

In any event, the doctrine of part performance does not even apply in this case.  Cain filed an action at law seeking money damages.  He claimed that he was entitled to relief based upon the equitable doctrine of part performance.  He claims that the distinctions between equitable actions and actions at law should no longer apply given the fact that we now have only a circuit court rather than both a chancery court and a circuit court.  

The circuit court has jurisdiction over all justiciable matters.  Ill. Const. 1970, art. VI, §9.  The circuit court is organized into divisions.  134 Ill. 2d R. 132 ("Every complaint or other paper initiating any civil action or proceeding shall contain in the caption the words `at law,' `in chancery,' `in probate,' *** or other designation conforming to the organization of the circuit court into divisions").  The chancery division of the circuit court hears equitable matters.  The unification of the court system did not in any way change the way that equitable issues are heard and decided.  134 Ill. 2d R. 232(b) ("equitable issues shall be heard and decided in the manner heretofore practiced in courts of equity").  We must reiterate, "the doctrine of part performance is not applicable in actions at law for monetary damages ***."  
Vuagniaux
, 273 Ill. App. 3d at 312, 652 N.E.2d at 845.  

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HOPKINS and WELCH, JJ., concur.