# Illinois Official Reports

## Appellate Court

---

### *Goldwater v. Greenberg*, 2017 IL App (1st) 163003

---

| | |
|---|---|
| Appellate Court Caption | BEN GOLDWATER, Plaintiff-Appellant, v. GEORGE S. GREENBERG and DENISE GREENBERG, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-3003 |
| Filed | December 15, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-113057; the Hon. Patricia S. Spratt, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part.<br>Cause remanded. |
| Counsel on Appeal | Ben Goldwater, of Chicago, appellant *pro se*.<br><br>Gordon Nelson, of CN Law, P.C., of Chicago, for appellees. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff, Ben Goldwater, appeals from a judgment of the circuit court dismissing his single-count complaint against the defendants, George S. Greenberg (George) and Denise Greenberg (Denise), for breach of a contract to pay legal fees for their son, Jason H. Greenberg (Jason). For the reasons that follow, we affirm the dismissal of Denise as a party defendant, reverse the dismissal of the plaintiff's action against George, and remand this matter to the circuit court for further proceedings.

¶ 2    The following factual recitation is taken exclusively from the facts alleged in the plaintiff's complaint. The plaintiff, an attorney licensed to practice law in Illinois, entered into a written retention agreement with Jason on March 23, 2012, pursuant to which he agreed to represent Jason in a domestic relations matter in exchange for Jason's agreement to pay the plaintiff $375 per hour for his services with an initial retainer of $5000. A copy of the retention agreement was attached to the complaint as an exhibit. At the time of the execution of the retention agreement, Jason advised the plaintiff that all billing should be sent to the defendants. Attached to the complaint is a copy of an undated note signed by Jason, stating "Please send all bills to George S. Greenberg." George confirmed the instruction, which "included the statement that the Defendants would pay all legal fees and costs in relation to the matrimonial action that was to be filed on behalf of Defendants' son[, Jason]."

¶ 3    On March 23, 2012, an initial retainer of $5000 was paid to the plaintiff by means of a check signed by George. A copy of that check was attached to the complaint. On May 2, 2013, the plaintiff sent a billing statement to the defendants, reflecting a balance due of $1097. That statement was addressed to Jason. The plaintiff received a $1097 check signed by George dated May 3, 2013. Copies of the billing statement and check were attached to the complaint. On May 12, 2015, the plaintiff sent an additional billing statement with a balance due of $4546.50 to the defendants. That statement was also addressed to Jason. The plaintiff received a check in the sum on $4546.50 dated May 20, 2015, signed by George. Copies of the billing statement and check were attached to the complaint.

¶ 4    The plaintiff represented Jason in his domestic relations matter through and including December 30, 2015, when the circuit court of Cook County entered a judgment of dissolution of marriage in the matter. On January 8, 2016, the plaintiff issued a final bill for his services and sent a copy to both the defendants and Jason. Neither Jason nor the defendants paid the final bill, and the plaintiff filed the instant action against the defendants seeking damages for breach of contract.

¶ 5    The defendants filed a motion, which they labeled as a "MOTION TO STRIKE AND DISMISS COMPLAINT." According to the motion, it was brought pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). In the body of the motion, the defendants argued that (1) the attorney fees which are the subject of this litigation had been discharged in a bankruptcy proceeding filed by Jason, (2) they are not parties to the retention agreement upon which the plaintiff's complaint is based, (3) their alleged promise to pay their son's legal fees is unenforceable under the "Statute of Frauds," and (4) no action may be maintained by the plaintiff based upon the theories of *quantum meruit* or unjust enrichment due to the existence of an express contract for the payment of Jason's legal fees.

¶ 6    The plaintiff filed a response to the motion in which he disclaimed the invocation of either the theory of *quantum meruit* or unjust enrichment as a basis for recovery against the

defendants. As for the defendants' argument that Jason's obligation to pay for the plaintiff's legal services had been discharged in bankruptcy, the plaintiff argued that, since Jason is not a defendant and no relief is sought against him, Jason's bankruptcy is irrelevant to a claim for breach of contract against the defendants. In response to the defendants' argument that the claim against them is unenforceable under section 1 of the Frauds Act (statute of frauds) (740 ILCS 80/1 (West 2012)), the plaintiff asserted that the defendants' agreement to pay for Jason's legal fees was "an original undertaking and not merely a promise to pay a debt of another." In support of that argument, the plaintiff alleged additional facts, which do not appear in the complaint. The response states that, although the written retention agreement was signed by Jason, "[w]hen it became apparent that Jason would no[t] pay the initial retainer, a new agreement was made with the Defendants for payment of the retainer and subsequent fees and costs." According to the plaintiff, when the defendants agreed to pay Jason's legal fees, no legal services had yet been rendered. The plaintiff also asserted that, following his receipt of the initial retainer, he had "numerous telephone conversations" and an office conference with the defendants, during which they confirmed that they had assumed the obligation to pay Jason's legal fees.

¶ 7    On October 24, 2016, the circuit court granted the defendants' motion to "strike and dismiss" the plaintiff's complaint, finding that "the agreement between the parties is collateral, and thus falls within the Statute of Frauds." The circuit court also found that "the complaint contains no reference to Denise Greenberg. As such she is eliminated as a defendant." This appeal followed.

¶ 8    In urging reversal of the circuit court's order dismissing the instant action, the plaintiff argues both that the defendants' agreement to pay for Jason's legal fees was "an original undertaking" to which the statute of frauds does not apply and that the statute of frauds has no application to the defendants' agreement to pay Jason's legal fees, as he fully performed the contract. Before addressing the merits of the plaintiff's arguments, however, we first address the procedural context leading to the dismissal of the plaintiff's action.

¶ 9    As noted earlier, the defendants filed a motion to strike and dismiss the plaintiff's complaint pursuant to section 2-615 of the Code. A motion to dismiss under section 2-615 attacks the legal sufficiency of a complaint. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). The only question before the court is whether the complaint states a cause of action upon which relief might be granted. *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003). Such a motion does not raise affirmative defenses but alleges only defects appearing on the face of the complaint. *Illinois Graphics Co.*, 159 Ill. 2d at 484.

¶ 10   In moving to dismiss the plaintiff's complaint, the defendants never argued that the complaint failed to allege facts supporting each element of a claim for breach of contract against them. Rather, they raised the statute of frauds as one of the grounds upon which they sought dismissal, and it was on that ground that the circuit court dismissed the action in its entirety. However, the statute of frauds is an affirmative defense which, if established, renders a contract voidable, not void. *Cain v. Cross*, 293 Ill. App. 3d 255, 258 (1997). Consequently, the contract may be enforced unless the defendant raises the statute of frauds as a defense. *Cain*, 293 Ill. App. 3d at 258. As the statute of frauds is an affirmative defense, it does not attack the sufficiency of a complaint and is not generally the basis for a dismissal pursuant to a section 2-615 motion of the Code. *Payne v. Mill Race Inn*, 152 Ill. App. 3d 269, 277 (1987).

¶ 11    Section 2-619 of the Code (735 ILCS 5/2-619 (West 2016)) provides that a defendant may seek the involuntary dismissal of an action based upon certain defects or defenses. If the grounds for the motion do not appear on the face of the complaint, the motion must be supported by affidavit (735 ILCS 5/2-619(a) (West 2016)). Unlike a section 2-615 motion, a section 2-619 motion admits the legal sufficiency of the plaintiff's complaint and asserts a defense which defeats the claim. *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002). One of the enumerated grounds for a dismissal pursuant to section 2-619 is that the claim asserted is unenforceable under the provisions of the statute of frauds. 735 ILCS 5/2-619(a)(7) (West 2016).

¶ 12    In practice, however, there is some degree of overlap between motions to dismiss brought under section 2-615 and those brought under section 2-619. *Illinois Graphics Co.*, 159 Ill. 2d at 485. When, as in this case, a defendant's motion to dismiss asserting an affirmative defense is based solely upon the facts alleged in the plaintiff's complaint, and not on facts outside of the complaint, the motion falls within the area of confluence between section 2-615 and section 2-619. *Illinois Graphics Co.*, 159 Ill. 2d at 486. As such, an affirmative defense based exclusively upon the facts alleged in a plaintiff's complaint may be raised in either a motion brought pursuant to section 2-615 of the Code or a section 2-619 motion. *Illinois Graphics Co.*, 159 Ill. 2d at 486-87.

¶ 13    Regardless of whether the circuit court's finding that the statute of frauds rendered the plaintiff's claim unenforceable is reviewed pursuant to the standards applicable to dismissals under section 2-615 or to dismissals pursuant to section 2-619, our analysis in this case is the same. For purposes of review, we accept as true all well-pled facts in the complaint and draw all reasonable inferences from those facts which are favorable to the plaintiff. *Kahn v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47 (standards applicable to section 2-615 motions); *Callaghan v. Village of Clarendon Hills*, 401 Ill. App. 3d 287, 290 (2010) (standards applicable to section 2-619 motions). Under either section, our review is *de novo*. *Wallace*, 203 Ill. 2d at 447.

¶ 14    Section 1 of the Frauds Act provides, in relevant part, that no action may be brought against a defendant upon a promise to answer for the debt of another unless the promise or agreement upon which the action is brought, or some memorandum or note thereof, shall be in writing, signed by the party to be charged, or by some person authorized by the defendant. 740 ILCS 80/1 (West 2012). However, the doctrine of complete performance provides that, where one party completely performs a contract, the contract is enforceable and the statute of frauds may not be used as a defense to enforcement. *Greenberger, Krauss & Tenenbaum v. Catalfo*, 293 Ill. App. 3d 88, 96 (1997).

¶ 15    The plaintiff's complaint alleges that he was engaged to represent Jason in a domestic relations matter and that he did so through and including December 30, 2015, when the circuit court of Cook County entered a judgment of dissolution of marriage. The allegation must be taken as true for purposes of our analysis, and it can be reasonably inferred from those allegations that the plaintiff fully performed his agreement to represent Jason. Consequently, even if we assume for the sake of analysis that the circuit court was correct in its finding that the alleged agreement to pay Jason's legal fees was a collateral agreement to answer for the debt of another, the plaintiff's full performance precludes the use of the statute of frauds as a defense to enforcement. Based upon the allegations contained within the plaintiff's complaint

- 4 -

supporting the inference that he fully performed his agreement to represent Jason, we find that the circuit court erred in dismissing the action on statute of frauds grounds.

¶ 16    As to the circuit court's finding that the alleged agreement to pay Jason's legal fees was a collateral agreement and not an original one, we comment only that resolution of the question depends upon when the agreement was made and the intent of the parties at that time. Both are questions of fact to be resolved by the trier of fact. See *Greenberger, Krauss & Tenenbaum*, 293 Ill. App. 3d at 95.

¶ 17    Although we have determined that the circuit court erred in dismissing the plaintiff's complaint on statute of frauds grounds, our analysis continues. The circuit court's order also provides that "the complaint contains no reference to Denise Greenberg[, and] [a]s such[,] she is eliminated as a defendant." We conclude from that language that the circuit court dismissed Denise as a party defendant because the complaint failed to state a cause of action against her.

¶ 18    Although the plaintiff alleged that George stated that the defendants would pay all legal fees and costs in relation to the matrimonial action that was to be filed on behalf of Jason, there are no allegations in the complaint that Denise made any such agreement.

¶ 19    The only facts to be considered in determining whether a cause of action has been adequately stated against a defendant are those set forth in the complaint under attack. *Illinois Graphics Co.*, 159 Ill. 2d at 485. As the plaintiff's complaint failed to allege that Denise ever agreed to pay Jason's legal fees, no cause of action was stated against her, and she was properly dismissed as a party defendant. We are not unmindful that, in his response to the defendants' motion to dismiss, the plaintiff asserted that, following his receipt of the initial retainer, he had "numerous telephone conversations" and an office conference with the defendants during which they confirmed that they had assumed the obligation to pay Jason's legal fees. However, a plaintiff may not oppose a motion to dismiss brought pursuant to section 2-615 of the Code by relying upon any facts which do not appear in the complaint. *Inland Real Estate Corp. v. Christoph*, 107 Ill. App. 3d 183, 185 (1981).

¶ 20    Based upon the foregoing analysis, we affirm the dismissal of Denise as a party defendant, reverse the dismissal of the plaintiff's action against George, and remand this matter to the circuit court for further proceedings.

¶ 21    Affirmed in part and reversed in part.

¶ 22    Cause remanded.