2019 IL App (3d) 170744

Opinion filed April 11, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| MICHAEL C. DAVIS, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant and Cross-Appellee, | ) | Tazewell County, Illinois |
| | ) | |
| v. | ) | Appeal No. 3-17-0744 |
| | ) | Circuit No. 17-L-82 |
| | ) | |
| LEANN L. DAVIS, | ) | Honorable |
| | ) | Michael Risinger |
| Defendant-Appellee and Cross-Appellant. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Holdridge and Lytton concurred with the judgment and opinion.

**OPINION**

¶ 1     Plaintiff Michael Davis brought a breach of contract action against defendant Leann Davis, alleging she breached the parties' postmarital agreement and he suffered monetary damages as a result. The trial court dismissed the complaint on the basis that it failed to state a claim, another action was pending, and affirmative matter defeated the claim. Michael appealed. Leann cross-appealed, arguing that the trial court should have imposed sanctions on Michael. We affirm the trial court on the appeal and reverse and remand on the cross-appeal.

## I. BACKGROUND

Plaintiff Michael Davis and defendant Leann Davis were married on September 18, 2004. In June 2012, the parties executed a postmarital agreement. The agreement provided that Michael would not file for dissolution of the marriage within 180 days of execution of the agreement. The agreement provided for dissolution issues, including distribution of the parties' assets and maintenance. In 2013, Michael filed a petition for dissolution of the marriage. Leann challenged the postmarital agreement as unconscionable and asked the court in the dissolution action to find the postmarital agreement to be void and unenforceable. The dissolution court disagreed and found the postmarital agreement was valid and enforceable.

Michael filed the instant complaint claiming that Leann breached the postmarital agreement by refusing to perform her obligations under it. According to the complaint, Michael was forced to spend money on attorney fees in order to enforce the postmarital agreement, contrary to the parties' intent. Leann filed a motion to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code), arguing that dismissal was proper under sections 2-615 and 2-619(a)(3) of the Code. 735 ILCS 5/2-619.1, 2-615, 2-619(a)(3) (West 2016). The trial court granted Leann's motion and dismissed Michael's complaint, finding dismissal was appropriate under the grounds set forth by Leann and also under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)) on the basis that affirmative matter defeated Michael's claim. Michael appealed. After he filed a notice of appeal on November 1, 2017, Leann filed a timely motion for sanctions on November 2, 2017, which the trial court denied on January 11, 2018. The court held that because Michael had filed an appeal, it lacked jurisdiction to hear Leann's sanctions motion. Leann filed a cross-appeal on January 23, 2018, challenging the trial court's ruling that it lacked jurisdiction.

¶ 5                                    II. ANALYSIS

¶ 6         On appeal, we consider whether the trial court erred in dismissing Michael's complaint. He maintains that the court erroneously dismissed his complaint on the basis that it failed to state a claim, another action was pending and affirmative matter defeated his claim. On Leann's cross-appeal, we consider whether the trial court erred when it declined to hear Leann's motion for sanctions. Leann argues that the trial court erred in determining that it lacked jurisdiction to impose sanctions.

¶ 7         We first address Michael's argument that the trial court erred in dismissing his complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) for failure to state a claim on which relief may be granted. Michael argues that the dismissal was incorrect, maintaining that his complaint sets forth the elements for a breach of contract. He further argues that the postmarital agreement's provision that he be responsible for his own legal expenses does not provide a basis for dismissal and that his instant claim is based on Leann's breach of contract and not connected to the dissolution action, which alone was governed by the postmarital agreement.

¶ 8         A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint by alleging defects on its face. *Goldwater v. Greenberg*, 2017 IL App (1st) 163003, ¶ 9. The question before the court is whether the complaint states a cause of action for which relief may be granted. *Id.* The court considers all well-pleaded facts and all reasonable inferences from them as true and construes the allegations in a light most favorable to the plaintiff. *C.O.A.L., Inc. v. Dana Hotel, LLC*, 2017 IL App (1st) 161048, ¶ 56. To withstand a section 2-615 motion to dismiss, the complaint must allege facts setting forth the essential elements of the cause of action. *Visvardis v. Eric P. Ferleger, P.C.*, 375 Ill. App. 3d 719, 724 (2007). To sustain a complaint for breach of contract, a plaintiff must allege that a contract existed, he performed his

3

obligations under the contract, the defendant breached the contract and the plaintiff was damaged as a result of the breach. *Talbert v. Home Savings of America, F.A.*, 265 Ill. App. 3d 376, 379 (1994). This court reviews a section 2-615 dismissal *de novo*. *Henby v. White*, 2016 IL App (5th) 140407, ¶ 20.

¶ 9 According to Michael, his complaint presented the essential elements for breach of contract. He asserts that the parties executed a postmarital agreement, that he performed under the agreement by withholding filing for divorce until after the agreed-upon 180 days, that Leann breached their agreement to be bound by the terms of the postmarital agreement by challenging its validity, and that he was damaged in that he was required to expend funds to defend the postmarital agreement in the trial court and to bring and defend this action both in the trial court and on appeal. Michael maintains the court ignored that his complaint sounds in breach of contract and the damages he sought were for Leann's breach and not legal expenses connected to the dissolution proceeding.

¶ 10 In dismissing the complaint under section 2-615 of the Code, the trial court looked to the parties' postmarital agreement, which provided that if either Michael or Leann filed for dissolution of the marriage, Michael "shall" be responsible for his legal expenses and a percentage of Leann's legal costs. There are no qualifiers on the requirement that Michael pay the entirety of his legal expenses. Michael attempts to distinguish between his legal fees and damages for breach of contract, asserting the legal fees he is seeking to recover in the breach of contract action were the damages he suffered from Leann's breach. Regardless of how Michael characterizes it, he is attempting to saddle Leann with the costs of his defense of her claim that the postmarital agreement was unconscionable. Contrary to Michael's assertion, the expense of defending Leann's challenge to the postmarital agreement was a legal expense connected with

the dissolution. The postmarital agreement required Michael to pay his own legal expenses for the dissolution. As such, his complaint did not include the essential elements to sustain a breach of contract action as Michael is unable to claim damages. The trial court properly found that it failed to state a claim on which relief could be granted. We find the court did not err in dismissing Michael's complaint pursuant to section 2-615 of the Code.

¶ 11 We next review whether the trial court erred in dismissing Michael's complaint because another action was pending. Michael argues that dismissal under section 2-619(a)(3) was improper where the breach of contract and the dissolution actions present different causes with different focuses and different applicable time periods. According to Michael, the dissolution concerned events prior to 2013, while the breach of contract claim was directed at events that took place in 2015 and 2016. Based on these distinctions, Michael reasons no other action was pending to warrant dismissal.

¶ 12 A complaint may be dismissed when there is another action pending between the same parties for the same cause. 735 ILCS 5/2-619(a)(3) (West 2016). Cases include the same parties when the litigants share substantially similar interests. *In re Estate of Hoch*, 382 Ill. App. 3d 866, 869 (2008) (citing *Combined Insurance Co. of America v. Certain Underwriters at Lloyd's, London*, 356 Ill. App. 3d 749, 754 (2005)). Actions contain the same cause when the requested relief is based on substantially the same set of facts. *Schacht v. Lome*, 2016 IL App (1st) 141931 ¶ 36 (citing *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 853 (2010)). The actions do not need to be identical. *Id.* " '[T]he crucial inquiry is whether both arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions.' " *Id.* (quoting *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 337 (2005)). A section 2-619(a)(3) dismissal is designed to avoid duplicative litigation.

*Whittmanhart*, 402 Ill. App. 3d at 852. We will not reverse a trial court's dismissal of a complaint under section 2-619(a)(3) unless it was an abuse of discretion. *Schacht*, 2016 IL App (1st) 141931, ¶ 34.

¶ 13    There is no dispute that the dissolution and breach of contract actions involve the same parties, Michael and Leann. Both actions also involve the same cause as they are each based on substantially the same set of facts. Michael's breach of contract action arises from Leann's supposed violation of the parties' postmarital agreement, the same agreement which dictated the outcome in the dissolution court. The dissolution proceeding focused on the validity of the postmarital agreement and then the dissolution of the parties' marriage based on the provisions in the postmarital agreement. In the breach of contract action, Michael alleged that Leann breached the postmarital agreement by challenging its validity. Both actions arose of the same occurrence, being the dissolution of the parties' marriage. The dissolution and breach of contract proceedings were each based on the postmarital agreement. Because there was another action pending with the same parties and the same cause, we find the trial court did not err in dismissing Michael's complaint under section 2-619(a)(3).

¶ 14    Finally, we address whether dismissal was proper under section 2-619(a)(9), the third reason the trial court dismissed Michael's complaint. Michael argues that the trial court's dismissal of his complaint under section 2-619(a)(9) would require him to improperly file multifarious complaints. In other words, he claims dismissal would require him to join two different cases that do not belong together.

¶ 15    A dismissal under section 2-619(a)(9) is premised on the fact that the claim asserted against the defendant is barred by other affirmative matter that avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2016). An affirmative matter is in the nature of

6

a defense that completely negates the cause of action. *In re Marriage of Lewin*, 2018 IL App (3d) 170175, ¶ 9 (citing *Martinez v. Cook County Sheriff's Office*, 2017 IL App (3d) 160514, ¶ 15). This court reviews a dismissal under section 2-619(a)(9) *de novo*. *In re Marriage of Morreale*, 351 Ill. App. 3d 238, 240 (2004).

¶ 16        "Multifariousness is an equitable doctrine which prohibits the joining in one complaint of distinct and independent matters, thereby confounding them." *Jaffke v. Anderson*, 162 Ill. App. 3d 290, 293 (1987). Where there are distinct and independent matters requiring separate briefs and defenses and joinder of claims against two or more defendants, multifariousness exists. *Id.*

¶ 17        The court found that dismissal was warranted because affirmative matter defeated Michael's claim. The court reasoned that the action was "a divorce court matter" and should have been brought in the dissolution action. We agree with the trial court. Dissolution proceedings are designed to dispose of all matters connected with the dissolution of a marriage, including the parties' attorney fees. See 750 ILCS 5/508 (West 2016). The dissolution proceedings and the breach of contract action were intertwined as they were both based on the postmarital agreement. Bringing this claim in the dissolution action would not result in the joining of distinct and independent matters or require separate briefs, defenses or the joinder of claims against multiple defendants. Both the dissolution action and the breach of contract action relied on the postmarital agreement for resolution. Leann was the only defendant and there was no one else to join. The doctrine of multifariousness is not applicable under these facts. The dissolution action, which was pending at the time Michael brought the breach of contract action, was the appropriate forum for Michael to seek attorney fees. We find the trial court's dismissal on this alternative ground was also proper.

7

¶ 18    Having determined that the trial court did not err in dismissing Michael's breach of contract action, we turn to Leann's cross-appeal. She raises two issues: whether the trial court erred when it found it lacked jurisdiction to hear her request for sanctions and whether the court should have imposed Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and Rule 375 (eff. Feb. 1, 1994) sanctions on Michael.

¶ 19    We begin with Leann's challenge to the trial court's determination that it lacked jurisdiction to hear her motion for sanctions. She argues that the trial court erroneously determined that it lacked jurisdiction. Michael agrees. They are correct.

¶ 20    A Rule 137 motion for sanctions must be filed within 30 days after the final judgment was entered. Pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), a judgment or order does not become final and appealable while a Rule 137 claim remains pending. This is true even when a notice of appeal was filed in the same proceeding prior to the filing of the motion for sanctions. *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 821 (2010). A timely postjudgment motion, such as a motion for sanctions, operates to stay an earlier filed notice of appeal. *In re Estate of Hanley*, 2013 IL App (3d) 110264, ¶ 43. The notice of appeal becomes effective when the final postjudgment motion is decided. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). We review questions of jurisdiction *de novo*. *In re Marriage of Chrobak*, 349 Ill. App. 3d 894, 897 (2004).

¶ 21    The trial court granted Leann's motion to dismiss on October 3, 2017. Michael filed a notice of appeal on November 1, 2017, and Leann filed her motion for sanctions on November 2, 2017. The trial court dismissed Leann's motion for sanctions on January 11, 2018, finding it lacked jurisdiction because a notice of appeal had already been filed. However, the motion for sanctions was a timely filed postjudgment motion that prevents an earlier filed notice of appeal

8

from becoming effective until the trial court enters its ruling on the sanctions motion. The trial court retained jurisdiction to determine Leann's sanctions motion. Thus, the trial court erred when it found it lacked jurisdiction to decide the motion for sanctions. We accordingly remand for the trial court to hear and determine Leann's motion for sanctions.

¶ 22                                   III. CONCLUSION

¶ 23        For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed in part, reversed in part and remanded.

¶ 24        Affirmed in part and reversed in part.

¶ 25        Cause remanded.

9