2022 IL App (2d) 210539-U
No. 2-21-0539
Order filed August 8, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOHN LAURENCE KIENLEN, TRUSTEE OF JOHN LAURENCE KIENLEN DECLARATION OF TRUST DATED SEPTEMBER 1, 2001, | ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-AR-2079 |
| JEFFREY R. WALKER, | ) ) | Honorable Robert E. Douglas, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The trial court did not err in allowing Walker to raise affirmative defenses at trial or in granting Walker's motion for a directed finding. Therefore, we affirm.

¶ 2  Plaintiff, John Laurence Kienlen, trustee of John Laurence Kienlen declaration of trust dated September 1, 2001, appeals from the trial court's grant of a directed finding in favor of defendant, Jeffrey R. Walker, on Kienlen's breach of contract claim. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4     Kienlen, an attorney, filed a *pro se* complaint against Walker on December 31, 2019, alleging as follows. Prior to October 31, 2014, Kienlen owned a one-half interest in an office condominium unit commonly known as Unit 200, Building A, 1776 S. Naperville Road in Wheaton, which interest also included a perpetual easement and exclusive right to use storage space S-11 in the building's basement. Kienlen sold his interest in Unit 200-A to the owner of another unit in the condominium building, but the sale did not include Kienlen's interest in the storage space. Walker had an ownership interest in another condominium unit in the same building, specifically Unit 202-A, and was the building's manager. Walker told Kienlen that Kienlen could not retain an interest in the storage space after the sale and needed to sell it to another unit owner in the building. Prior to October 1, 2014, Kienlen and Walker entered into a verbal agreement whereby Kienlen agreed to sell and Walker agreed to purchase Kienlen's interest in storage space S-11 for $18,000, with the provision that Kienlen could use the storage space until Walker paid the purchase price on November 28, 2014.

¶ 5     Kienlen further alleged that on or about November 28, 2014, Walker removed Kienlen's possessions from the storage space and advised Kienlen that (1) Kienlen could obtain his possessions outside the basement of the condominium building, (2) Walker had changed the locks to the access door to storage space S-11 so that Kienlen would no longer have access to it, and (3) Walker needed additional time and would pay Kienlen by February 1, 2015, to which Kienlen agreed. Kienlen alleged that Walker breached the agreement by failing to pay him the $18,000 by February 1, 2015, or thereafter.

¶ 6     On January 13, 2020, Walker filed a motion to dismiss the complaint pursuant to section 2-619(a) of the Code of Civil Procedure (735 ILCS 5/2-619(a) (West 2020)). He alleged that the complaint should be dismissed because (1) it violated the statute of frauds in that a contract

regarding an interest in real estate must be in writing, and (2) it was barred by the five-year statute of limitations. Kienlen filed a response on January 31, 2020, arguing that the statute of frauds was inapplicable because the oral contract was performed to an extent to make it binding. He argued that the statute of limitations did not apply because his cause of action accrued on February 1, 2015, when Walker failed to pay Kienlen the $18,000 as agreed.

¶ 7     On February 13, 2020, the trial court denied the motion to dismiss "without prejudice to raising the defenses *** in future pleadings." Walker filed an answer to the complaint on March 25, 2020, without raising any affirmative defenses.

¶ 8     On September 29, 2020, the trial court assigned the case for a mandatory arbitration hearing on January 14, 2021. The arbitrators found in favor of Walker and against Kienlen. Kienlen filed a notice rejecting the arbitration award, and the case was set for a bench trial on June 10, 2021.

¶ 9     At trial, Kienlen testified consistently with his allegations regarding his ownership of the business condominium unit and his interest in the storage space. He further testified to the following. He and the co-owner of his condominium unit, Lee Pietsch, had initially planned to keep the storage space, but Pietsch later advised him that they had to sell the space to a unit owner in the building. Pietsch subsequently told him that Walker agreed to buy their storage space for $36,000. Kienlen then told Walker that he would be moving out of the condominium at the end of October 2014 and would like an additional month to remove his possessions from the storage space. Walker agreed and said that he would pay Kienlen his share, $18,000, at the end of November when Kienlen moved his possessions. After Kienlen vacated the condominium, Walker changed the locks to access the storage space.

¶ 10     Kienlen testified that on November 28, 2014, Kienlen and another individual, Adam Ferguson, went to the storage unit to retrieve Kienlen's belongings. Kienlen called Walker on the

drive over, and Walker said to meet him at the entrance to the basement. When Kienlen arrived, he discovered that his possessions were sitting inside the garage door. Kienlen was concerned that "Walker had taken all of [his] stuff out of the storage space" because he did not know how Walker had been able to identify Kienlen's items. Kienlen then went to the storage unit and saw that all of his belongings had in fact been removed. He asked Walker how he knew which items were Kienlen's, as all of them were by the door, but Walker "didn't answer." Kienlen assumed that Pietsch had showed him which items were Kienlen's,[1] Kienlen asked Walker if he had Kienlen's check. Walker said that things had been tough and that he needed a couple of months. They agreed that Walker would pay him by February 1, 2015. Kienlen later had a couple of conversations in which Walker stated that he could not currently pay him but would. However, Walker subsequently stopped accepting Kienlen's phone calls.

¶ 11     Ferguson testified that he helped Kienlen move his belongings on November 28, 2014. All of Kienlen's belongings were against the wall outside the door to the garage area. Ferguson heard Kienlen ask Walker for the $18,000, and Walker said that he needed a few months to get the money together. Kienlen told Walker to pay him by February 1.

¶ 12     Walker moved for a directed finding, arguing that the statute of frauds and the statute of limitations applied. Kienlen countered that Walker had previously pled the same two affirmative defenses but had not repled them after the trial court denied Walker's motion to dismiss without prejudice. He further argued that the statute of frauds did not apply because Walker removed his

---

[1]Kienlen later testified that even though Pietsch had also sold his interest in the condominium building, Pietsch kept his own possessions in the storage space "for quite some time," which he believed was "years."

possessions prior to November 18, 2014. Regarding the statute of limitations, Kienlen argued that there was consideration for a modification of the agreement to extend the time of payment to February 1, 2015.

¶ 13　The trial court stated that under section 2-613(d) of the Code of Civil Procedure (735 ILCS 5/2-613(d) (West 2020)), an affirmative defense had to be pled in the answer or reply if it was likely to take the opposing party by surprise. The trial court stated that here, Kienlen was not taken by surprise by Walker raising the statute of frauds because Walker had previously raised the defense in his pleadings. The trial court stated that there was no specific testimony or evidence that Walker ever took possession of the storage unit, as Kienlen did not know who removed his belongings from the unit and changed the locks, and only assumed that it was Walker. Kienlen also did not testify that any of Walker's possessions were in the storage unit. Therefore, there was no evidence that Walker ever executed on the contract for the sale of the storage unit. As the contract was executable rather than executed, and without a written contract for the sale of real estate, the statute of frauds applied. The trial court granted Walker's motion for a directed finding.

¶ 14　On July 9, 2021, Kienlen filed a motion to reconsider. The trial court denied the motion on August 18, 2021, stating that Kienlen was given notice of the defense via the motion to dismiss.

¶ 15　This timely appeal followed.

¶ 16　　　　　　　　　　　　　　　II. ANALYSIS

¶ 17　Kienlen first argues that the trial court's ruling was against the manifest weight of the evidence and "clear error" because Kienlen introduced uncontroverted evidence that he had performed under the parties' verbal agreement. Kienlen argues that the agreement between the parties was that Walker could pay Kienlen $18,000 when Kienlen's possessions were removed

from the storage space, and the evidence showed that his possessions had been removed from the space by the agreed time.

¶ 18    Kienlen relatedly argues that the trial court's findings, that he did not know who removed his possessions from the storage space and did not have firsthand knowledge of who changed the locks to access the storage space, were against the manifest weight of the evidence. Kienlen asserts that he testified that Walker had removed Kienlen's possessions from the storage space before Kienlen arrived to pick them up, and Kienlen argues that this testimony was not questioned or otherwise contradicted. Kienlen contends that he also testified that right after he had moved out of his business condominium unit in October 14, Walker changed the locks to get into the storage space.

¶ 19    Kienlen further argues that the trial court erred in allowing Walker to assert the statute of frauds defense in his motion for a directed finding on the basis that Kienlen was not surprised by the defense. Kienlen argues that because the trial court had denied Walker's motion to dismiss without prejudice to him raising such a defense in future pleadings, and Walker did not raise the defense in his answer to the complaint, it was reasonable for Kienlen to believe that Walker would no longer raise the defense. Kienlen argues that he was therefore justifiably surprised by Walker raising the defense at trial, and that the grant of the directed finding precluded him from having the opportunity to present additional evidence barring the application of the statute of frauds as a defense.

¶ 20    Citing *Ellison v. Ellison*, 372 Ill. 323 (1939), Walker responds that in order to avoid the fact that the contract clearly violated the statute of frauds, Kienlen was required to produce some evidence of performance such that it would be impossible or impractical to restore or compensate the party performing for what he has parted with or the value of his performance. Walker cites

*Phillips v. Britton*, 162 Ill. App. 3d 774, 782 (1987), for the proposition that to invoke the partial performance doctrine, the party must prove his performance and that the conduct is positively attributable exclusively to the alleged contract. Walker maintains that Kienlen seems to be claiming partial performance of two types, the first being that Kienlen performed by removing his personal property upon conveying the office condominium in October 2014. Walker argues that in doing so, Kienlen parted with nothing and conferred nothing of value to Walker or the unit, and that removing personal property from a condominium sold to a third party was not exclusively related to an alleged oral agreement to sell a storage easement which served the condominium. Walker maintains that the second allegation of partial performance is Walker removing Kienlen's personal property from the storage unit and changing locks. Walker argues that on this issue, the trial court correctly found based on a fair reading of the testimony that there was no evidence that Walker was the individual who removed the personal property.

¶ 21    Walker alternatively argues that the statute of limitations applies because the complaint was filed more than five years after the agreement was allegedly breached. Walker asserts that the alleged agreement to defer payment to February 1, 2015, was not supported by legal consideration because it imposed no new obligation on him.

¶ 22    Last, Walker additionally argues in the alternative that the exhibits introduced into evidence show that the storage unit was an easement appurtenant with the condominium being the dominant parcel. Walker argues that the conveyance of the dominant parcel conveyed the easement appurtenant even though it was not mentioned (see *Granite Properties LTD Partnership v. Manns*, 117 Ill. 2d 425, 436-37 (1987)), such that Kienlen was in no position to convey the easement pursuant to the alleged oral agreement.

¶ 23    We first address Kienlen's argument that the trial court erred in allowing Walker to assert the statute of frauds, which is an affirmative defense (*Goldwater v. Greenberg*, 2017 IL App (1st) 163003, ¶ 10). Section 2-613 of the Code of Civil Procedure (735 ILCS 5/2-613 (West 2020)) provides: "The facts constituting any affirmative defense ***, which, if not expressly stated in the pleading, *would be likely to take the opposite party by surprise*, must be plainly set forth in the answer or reply." (Emphasis added.) Still, the trial court has the sound discretion to permit a defendant to file an amended answer raising an affirmative matter any time prior to final judgment, such that the failure to plead an affirmative defense does not constitute waiver. *Profit Management Development, Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 309 Ill. App. 3d 289, 307 (1999). An affirmative defense "should not be allowed where it would result in surprise or prejudice to the other party," but "where the affirmative defense is not a surprise to the plaintiff, it may be allowed even after the plaintiff has presented his case in chief." *Id.* A trial court abuses its discretion where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt its view. *Haage v. Zavala*, 2021 IL 125918, ¶ 40.

¶ 24    We conclude that the trial court did not abuse its discretion in allowing Walker to raise his prior affirmative defenses at the close of Kienlen's case. Walker had previously raised the same defenses in his motion to dismiss and Kienlen had filed a written reply, so the defenses themselves were not a surprise to Kienlen, who had time to research and respond to them. Though Kienlen argues that he did not have the opportunity to present additional evidence contradicting the defenses at trial, Kienlen did not seek to reopen the proofs, nor did he make an offer of proof of what the additional evidence would be.

¶ 25    We next address Kienlen's argument that the trial court erred in finding that Kienlen did not know who removed his belongings from the unit and changed the locks. Section 2-1110 of the

Code of Civil Procedure (735 ILCS 5/2-1110 (West 2020)) permits a defendant to move for a directed finding in a bench trial at the close of the plaintiff's case. In ruling on a section 2-1110 motion, the trial court must first determine whether the plaintiff has established a *prima facie* case as a matter of law by providing evidence on every element essential to the plaintiff's underlying cause of action. *L.D.S., LLC v. Southern Cross Foods, Ltd.*, 2017 IL App (1st) 163058, ¶ 33. If the plaintiff fails to meet this burden, the trial court should grant the motion and enter judgment in the defendant's favor. *Id.* If the plaintiff has presented a *prima facie* case, the court must then consider the credibility of witnesses, weigh the evidence, and draw reasonable inferences from the evidence. *Id.* ¶ 34. If the court then concludes that sufficient evidence still exists to establish a *prima facie* case, the defendant's motion should be denied. *Id*. If the evidence is no longer sufficient, the court should grant the motion and enter judgment for the defendant. *Id.* ¶ 34 If the trial court grants the motion in the first step of the analysis, our review is *de novo*, whereas we apply a manifest-weight-of-the-evidence standard if the trial court grants the motion in the second step, as the court did here. *Id.* ¶¶ 33-34. A decision is against the manifest weight of the evidence only where the opposite conclusion is apparent or where the findings appear to be unreasonable, arbitrary, or not based on the evidence. *Id.* ¶ 34.

¶ 26    We conclude that the trial court's grant of a directed finding, and its specific findings that Kienlen did not know who removed his possession from and changed the locks to the storage unit, were not against the manifest weight of the evidence. Kienlen testified that his belongings were near the entry to the garage when he went to pick them up on November 28, 2014. He asked Walker how he knew which items were Kienlen's (as opposed to Pietsch's), but Walker "didn't answer." Kienlen testified that he assumed that Pietsch had showed Walker which things belonged to Kienlen. Therefore, the evidence supports the trial court's finding that Kienlen did not have

personal knowledge of who moved his possessions but assumed that it was Walker. Kienlen testified that after he moved out of the condominium, Walker changed the locks to access the storage space, but this statement also can fairly be viewed as an assumption rather than based on personal knowledge.

¶ 27    The statute of frauds provides:

"No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year, *unless such contract or some memorandum or note thereof shall be in writing*, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." (Emphasis added.) 740 ILCS 80/2 (West 2014).

There is a partial performance exception to the statute of frauds, which is designed to protect the reliance of the performing party. *Roti v. Roti*, 364 Ill. App. 3d 191, 197 (2006). The "partial performance must be of such a character that it is impossible or impractical to place the parties in status quo or restore or compensate the party performing for what he has parted with or the value of his performance." *Id.* (quoting *Mariani v. School Directors of District 40*, 154 Ill. App. 3d 404, 407 (1987)).

¶ 28    Kienlen argues in his brief that he performed under the parties' verbal agreement, as his possessions were removed from the storage space by the time it was agreed for them to be removed. However, Kienlen also testified that he did not remove the items from the storage space itself. He testified that Walker did so, but as stated, the trial court's finding that the testimony was speculative was not against the manifest weight of the evidence. Accordingly, the trial court could determine that there was insufficient evidence of partial performance by either party. Moreover, the doctrine

of partial performance is not applicable in actions at law for monetary damages, such as this action. *Cain v. Cross*, 293 Ill. App. 3d 255, 259 (1997).

¶ 29                                    III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 31    Affirmed.